Here this morning is Mayo v. Board of Education, Prince George's County, and Mr. Seymour. We'll hear from you. Thank you, Your Honor. I'd like to address four or five specific matters in the oral argument today in addition to responding to whatever questions the Court may have. How many minutes do you have? Fourteen, Your Honor. The removal question is... Go ahead. The removal question is the most important issue to address preliminarily because it affected the jurisdiction of the lower court and the jurisdiction of this court to decide the other issues that are present in the case. Then with the Court's indulgence, I'd like to spend a few moments on the facts. Well, let me cut through it because I think you raise a very interesting issue. It's a difficult issue. As I understand it, we have two people removing, say. One signs the document. The other is indicated by that signer that they join in. And the question is whether that's joined or by all, as is necessary. The 1446 says defendant or defendants must sign their removal under Rule 11. And the question is whether that means that all people moving must sign or could there be a removal signed by one attorney under Rule 11 and he represents that the others have joined him. And there's a circuit split. And that's about the case, isn't it? And I don't know how we decide which way or the other, but you can argue that. But I just wanted to cut through all the facts and get to the notion. Can one attorney sign the petition for removal and say the second party joins, says roughly, has told me he joins in this removal? And is that effective? Isn't that the question? That is exactly the issue, Your Honor. We believe the issue was really resolved by the en banc decision two years ago in Barber v. United Auto Workers. In that case, the court said at 605-606, clearly if all the defendants are served on the same day, the notice of removal must be filed within 30 days of the date of service and all the defendants must consent to and join the notice of removal. But that's not the issue, though, is it? No, Your Honor, but the court then cited the Gossmeier decision in the Seventh Circuit. And the Gossmeier decision said that a writing is required from each party seeing removal. And the court cited that with approval and did not distinguish that. Now, the lower court and the defendants placed heavy reliance on a 2002 panel decision of this court, D'Arcangelo. And we believe simply because footnote two of that decision said that the Verizon filed a notice of removal, quote, with CORE's consent. We do not think that that is enough to sustain the rule the district court adopted. Now, the courts are split, and the Seventh Circuit does require the writing for each defendant. That's right. Other courts don't. Tell me, you're urging that we require all parties to actually have their own separate signatures, separate papers, or same papers but signed. That's right, Your Honor. There are also cases in which. What do you rely on? Set aside the other cases. What do you rely on from the statute and from policy to support that? I'm not suggesting you're wrong. I just want to know what the arguments are. Your Honor, I think that the argument is, first of all, the district court placed heavy reliance on Rule 11. But I think it's a mistake to allow Rule 11 to bridge over requirements that have not been met because then all requirements can be pretty much bridged over. There are pleading requirements under Rule 8. Do you think Rule 11 accountability is the issue? The district courts seem to believe that that was what tilted the balance in favor of allowing one attorney to say, hey, the others agree. That kind of informality. But if we adopted Rule 11 as a bridge over requirements, we eliminate pleading requirements under Rules 8 and 9. I think Judge Niemeyer is trying to get you to, in a sense, forget what the district court did. I mean, imagine you're here on the other side. And the district court actually remanded the case. And it's here on some proper jurisdictional basis. What are the affirmative policy-based, statutory-based reasons, given the circuit split, that we should go one way or the other? Okay. One reason, Your Honor, is that if we allow this kind of an ambiguous statement or a representation of someone else, it opens the door to gamesmanship. And here's how the gamesmanship would work. If you have a case involving a lot at stake, as this case does, and a defendant is not sure who the judge, the other defendant, the second one. So judge shopping. They want to see who the judge is going to be. They want to give time for the judge to rule on a motion to dismiss. If they don't like the result, they can then say, hey, we never filed any consent here. Or if they just don't like the judge. Forget the motion. That's right, Your Honor. But the attorney signing it under Rule 11 says. But the Rule 11 sanction may be a far smaller penalty. He makes a representation that we count on often in this court. We get a lot of pleadings where an attorney files a paper and says the government doesn't object. We've called the government and they don't object to this motion. And we accept that representation. And so the question is, is there a policy reason why we shouldn't accept the representation of one defendant who does sign, the attorney does sign. And he says, I am authorized to say that defendant two joins in this removal. And the question is, what is the downside? You're saying that opens for gamesmanship and I'm trying to, what's the scenario? The scenario is that in the event that the second defendant, the non-removing defendant, outweighs the time before they do anything that's unambiguous. They joined. They joined. The attorney, first attorney represented that he has joined. That's right. And the second defendant, if they have not filed something, can say at a later point in time, past the removal date, we did not consent. Now you have an accountability question. That's a good point. Hypothetical. So what does the court do? He first goes to attorney for the first defendant and says, did he say that to you? And then the guy says, absolutely. And then you look at the second attorney and say, did you tell him that? Now, you have to presume the attorney is going to lie. Somebody, if the stakes are large enough, somebody is going to lie and Rule 11 sanctions can be much smaller than the stakes of the case. Why do you have to go that far? I understand that. Why do you have to go that far? Why not associate number one spoke to associate number two who called the partner who was on jet skis outside of Santa Monica and there was simply a misunderstanding? Do you actually have to go so far as to say lawyers would lie to each other or to the court? Wouldn't that be sufficient? I agree, Your Honor. Has that ever happened in your practice? Messages get sort of flummoxed in transmission? Both of those situations have occurred in my practice. Well, it seems to me the presumption of lying is not a very powerful argument. I think the one that Judge Davis raises is a good argument for your side. That is, it eliminates the possibility of error when each person signs on his own behalf. So that would be one policy consideration. I think there's one other thing that occurs to me in light of Your Honor's question. When I was rereading Barber last night, I was struck by this court's references to Murphy Brothers against machete pipe stringing. And the court dealt with that decision for other reasons. But in that case, the Supreme Court said there has to be formality in order to start the 30-day removal period running. It's not enough just to provide informal copy of the complaint as a courtesy copy. So, too, there should be formality with respect to what is enough to invoke the jurisdiction of the federal court. Something informal. I met him on the street corner, and he said it's okay. Something more formal than that is required. It's not a difficult requirement to meet. And there's absolutely no way in which any defendant could be prejudiced simply by following the language of the statute. I suppose, and I'm going to ask these same questions to your colleague, but I suppose you can make a statutory argument, too, because the subject of the sentence in 1446A says defendant or defendants. And it sort of anticipates that there could be plural defendants removing. And then it imposes on the fact that they must sign under Rule 11. So you could argue that that mandates it. I think the counterpoint to that would be if one defendant signs, there's nothing that precludes him from representing the other defendant. I'm not sure the statute disposes of the issue here. Yes, Your Honor. That is the argument. There's one additional point that I'd like to make about the D'Arcangelo case on which the defendants rely so heavily. In that case, the brief to this court, which is at 2001 Westlaw 34383542, says in footnote 2 that Core, whose consent they represented to have had, had not been served yet. So under the statute, their consent was not required for the removal. And this court did not reach any decision in that case. It simply observed that Verizon had represented that it had the consent. So we don't think that D'Arcangelo is authority for the other rule of law. In the remaining time, Your Honor, there are... If I could just very quickly on this final removal point, Mr. Seymour. Barber, of course, the core holding of a barber was abrogated statutorily. Correct? Yes, Your Honor. And so in this case, the union had additional time within which to file a notice of removal, correct? Your Honor, the statute, the public law that altered the rule, did not go into effect until after the events in this case. So it was effective December 1, 2011, not 2010? I have the actual... I think you're right. So at the time of this removal, the McKinney rule still applied in this circuit? That's right, Your Honor. Okay. And barber was still good law. Okay. And it had been decided very recently. Nobody could have forgotten it. It was just a couple of months before the removal proceedings in this case. Your Honor, I was planning on addressing the facts. There's just a couple of things about the facts that I want to draw out. It's clear from the arbitrator's decision that the union brought this case not to seek any back dues. The decision does not even mention that it was sought. And, of course, we don't have the grievance itself because this case was truncated. It was dismissed without any discovery. But all the discussion in the arbitrator's decision was about the union's effort to obtain relief for these individuals that it was trying to represent. The remand to the parties for negotiation was constrained by the need to particularize the persons who were involved, just like stage one of an employment discrimination case where you have a class determination of liability and then you have to particularize the individuals and determine the individual relief. Sometimes that's done by negotiation. There's almost always a period of time for that. Sometimes it's done by litigation. But it's very clear that an attorney for a class cannot say that we're settling for all this monetary relief and I'm going to grab all this monetary relief as attorney's fees. Second, the union got all these back dues. They settled for pennies on the dollar for back dues. They got all this money and they did not invite any of the temporary employees into the union. The dues were being paid by the school board. Same as the check off for those who were preexisting union members. But the temporary employees that we're trying to represent did not get into the union. They did not get reclassified. Our clients are still in the same position today that they were when the grievance was filed. How can you do that through this process? The arbitrator found that your clients were not part of the classified employees and that the arbitration award did not make them part of that class. Now you're trying to sue under the CBA as if you were members of the classified employees and you're suing the union for doing an inadequate job for you when they never had a duty to you in the first place. Your Honor, under Maryland's education article, we've cited in our Rule 28J letter the provision requiring that every employee of a public school be in a bargaining unit. There's no other bargaining unit here. All non-teaching personnel, all non-certificated personnel are represented by the union. Did the arbitrator find that you were not a member? They did not make part-time employees, even past part-time employees, members of the bargaining unit. Temporary employees, the arbitrator relied on that looking at the collective bargaining agreement which said that they're outside of the bargaining unit, but that cannot override state law. They had an obligation under state law. They started to meet it when they filed the grievance. They stopped meeting it when they shoehorned the process into taking relief for themselves and ignoring the rights of the individuals on whose behalf they brought the grievance. I think your agenda didn't get done, but the time is up. You have some rebuttal time. Thank you, Your Honor. All right. I guess the next will be Mr. Harrison. Oh, my docket here has Mr. Murphy as third, Mr. Harrison second. Ms. Harrison was first. Okay, it's been reversed. We'll hear from Mr. Murphy then. Is Ms. Harrison going to speak at all, or you've just reversed the order, or are you going to do the whole argument? Your Honor, I've reserved 15 minutes over 20 minutes, and Ms. Harrison has reserved five minutes. Okay, fair enough. Go ahead. Good morning. Understanding the Court's concern about the removal issue, we'll speak to that first, and then I'd like to discuss the issue that you, Judge Niemeyer, identified with respect to the fact that these individuals are not bargaining unit members, and even if they cleared that first hurdle, which Judge Motz obviously found that they did not, they'd still have to clear the second hurdle of timeliness, and then, of course, they'd have to clear the final hurdle of exhaustion, and our position is, of course, that they can't clear the first hurdle, and the Court does not need to reach those second and third issues. With respect to the removal issue, Your Honors, I first would point to the statute, and there is language that says defendants need to join in or consent. So as Judge Motz recognized, there's a difference between joining in and consenting. Here, we affirmatively contacted the Board of Education attorney, affirmatively contacted counsel for the union, asked for their consent, the union granted that consent, and that was expressed in the notice of removal. So that's clearly the consent that's entitled. So you think there is a statutory argument that resolves it, that the statute provides two avenues for participation of a co-defendant, either by joining or by consenting? Absolutely, and that's, in fact, what Judge Motz found. What he said was he recognized under Barber that the statute needs to be strictly construed, but he also recognized that he, as a judge, did not need to write into the statute a requirement that was not in there, and he relied on this Court's opinion in D'Archangelo, which, in fact, had a very similar issue, and he noted this in his opinion. There was an issue of the plaintiff in D'Archangelo filed a motion exactly the same as plaintiffs here, seeking remand because, as it said in the motion, and this is on PACER, this is a PACER docket entry, sought remand on a procedural defect in defendant's removal of case, failure of all defendants to properly signify written assent to removal. That was denied, and in the Circuit Court's decision, they did indicate in a footnote that Verizon removed and CORE consented to that removal. Do you contend that's a holding of this Court? No, it's persuasive authority. It's not a holding because the issue in that case... Why is it persuasive if the issue wasn't even raised on appeal? Well, it was addressed by the Court, Your Honor, and it's exactly the same facts as here. Certainly, it wasn't presented to the Court, so we're not relying on that as... When you say it was addressed by the Court, you don't mean the propriety of the removal was addressed by the Court. No, what I mean is the procedural aspect, which is exactly the same as here. And then the Court, Judge Motz also relied on... It's not exactly the same thing as here because here the issue on appeal is whether a non-signatory defendant to a notice of removal's oral consent to the removing defendant is sufficient. I mean, that's the issue. Correct, Judge Davis. Okay. What my point was, though, is that procedurally the facts are similar in both cases. I understand that that was not the issue in D'Arcangelo. The other case that Judge Motz relied on was Harper, which is very similar to this case. There were four defendants, three represented by one attorney, the fourth represented by a fourth attorney. The attorney representing the three defendants removed, contacted and consulted with the second attorney for the fourth defendant, received consent for removal, indicated that in their removal, and Sixth Circuit said that's fine, mostly for the reasons that Judge Niemeyer, you indicated, with respect to Rule 11. If Rule 11 says that an attorney has to be forthright and truthful with the court and that's not the case, then one of the remedies for that would, of course, be to remand the case. And if the second attorney for the fourth defendant saw that and said, wait a minute, I didn't consent to that removal, then, of course, the easiest remedy under Rule 11 would be to remand the case to state court. So for those reasons, we believe... Why would a court want to buy that package? If you've got a choice between perhaps contentious, uncomfortable Rule 11 proceedings after the fact, on the one hand, and on the other hand, a simple, bright-line rule that says, you know what, just sign the thing or submit your consent in writing. Particularly today, with electronic filing, I mean, you know, you could file it from Santa Monica. I thought the attorney was on the ski slopes. No, this attorney was not on the ski slopes. I said jet ski. I promise you, Your Honor, I was not on the ski slopes. I'm talking about Judge Davis's hypothetical. He was on the Pacific Ocean, not the ski slopes. He's much wiser than that. But to answer your question, Judge Davis, I think it was... He could file it using his iPad on the jet skis. Well, that would be interesting. But the point is Rule 11 is there to admonish counsel to tell the truth and to be officers of the court. So we would say that in itself is enough, and you don't need to get into any of the murky ground that you're saying, because Rule 11, attorneys follow Rule 11. I suppose you could argue, I think the whole thing is an interesting policy consideration for rules and process. You probably could argue that any sloppiness in authorizing consent would be eliminated almost immediately because the first paper that the co-defendant files, you would either say I didn't join or I did. And in this case, the co-defendant did say he joined and was part of the removal. Right, right. But that still leaves me with the question of the statute explicitly, which is a little unusual, explicitly requires a signing in accordance with Rule 11. And the subject is defendant or defendants. Now, it's true that could be construed to be signed by a defendant with the consent of the other, or it could be construed to be both of them have to join by signing. And I guess the cases across the country have recognized that. And your Sixth Circuit case doesn't advance the ball any more than the Seventh Circuit case. Seventh Circuit case wants a separate right, and the Sixth Circuit doesn't. And the Fourth Circuit is a little ambivalent on it. Yes, Your Honor. And what I will point out, too, though, Your Honor, is in addition to us consenting, the union consenting to the removal, we did file our notice of appearance with this court within the 30-day period. And Judge Moss, although he did not rely on that fact, pointed it out in a footnote indicating that, of course, that indicated that we did consent and we were pursuing this litigation in this court. If we had not, of course, we could have filed something with this court indicating that we did not consent and we wish to stay in state court. And the Roe case in the Seventh Circuit, that case was different than this case, which helps you, I don't you think? Right. There they just say that we don't object. Exactly. Without a positive consent. Right. And they also point, Judge, the court also pointed out that it's different affirmatively consenting and saying upon knowledge and information, we believe the other defendant does not consent. So with that, I'd like to use my remaining time just to speak to a number of the issues. The primary one, and I think the fatal one in Plaintiff's case, is what you've already, the court has already identified. This case is a case of duty of fair representation case. The union owes a duty of fair representation to bargaining unit members. These plaintiffs, these temporary employees, are not clearly undisputed, not bargaining unit members. It says so in the contract. The recognition clause specifically provides that they're excluded, temporary employees are excluded. The arbitrator found that affirmatively, stating that they were not bargaining unit employees. They, in fact, in their complaint, do not allege and do not plead that they're bargaining unit employees. What they wanted to do was they wanted to become bargaining unit employees. The union pursued this grievance. And this grievance is important to note. The union did not file this grievance on behalf of the plaintiffs. The union filed this grievance on behalf of the union. This is a classic work preservation grievance. Bargaining unit work was being done by non-bargaining unit members. The non-bargaining unit members were the plaintiffs. The court, the arbitrator makes this clear in a number of different points in the decision that this case is a work preservation case. And I'll just point the court to a number of the provisions. Joint Exhibit 75, at the very bottom, going up to Joint Appendix 75 to Joint Appendix 76, he states, the issue is preservation of bargaining unit work for bargaining unit personnel, not the identity of the specific substitute or temporary employee who may be filling a position at any particular time. So that in itself, and he makes numerous references to that, this is about positions, not people. That's the fatal flaw in plaintiff's argument. It was from the very beginning. The other fatal flaw is they indicate that the arbitrator ruled in their favor and made them bargaining unit members. That's wrong. That's plain wrong. That's exactly what the arbitrator did not do, and Judge Motz recognized that. Now, we understand when the union brought this grievance, work preservation, we were trying to increase our bargaining unit. Nothing wrong with that. Unions do that all the time. The problem is we made the exact argument the plaintiff is making here and made to the court below. We sought basically automatic conversion of the plaintiffs if they worked more than 60 days in a bargaining unit position. We sought automatic conversion, we sought back pay, and we sought benefits. The arbitrator, in reverse or contrary to our position, the board said, Arbitrator, you can't do that. At the very most, what you need to do is issue a cease and desist order and direct the parties to bargain a settlement. So those were the two issues that the arbitrator had. The unions and the boards. The unions lost. The boards won. The arbitrator specifically said at Joint Appendix 80, I am not ordering automatic conversion of these individuals. What that means is back pay is out, benefits are out, and he said, With that caviar, with that recognition, what I want you to do is you go and you bargain over a settlement. And that's exactly what they did with the understanding that they were not to convert these members to bargaining unit positions. People, they didn't do that. What did the settlement do? The settlement recognized, as all work preservation cases do, there's a damage to the bargaining unit. There were bargaining unit positions that should have generated dues, not for these particular plaintiffs, not from these particular plaintiffs, not for these particular plaintiffs, but for the union, for the union's bargaining unit. They recognized that. That was the aspect of damages. There was no back pay here. The arbitrator already said, don't do that. Then they also had a time schedule for doing exactly what the arbitrator told them to do, create full-time bargaining unit positions. Do not play this game anymore. Don't work someone for more than 60 days, then stop and start working another person. So the parties did exactly what the arbitrator told them to do. The fact of the matter is the plaintiffs are upset about that. We are too. But we did exactly what the arbitrator told us to do. We bargained with the board in good faith. Duty of fair representation, even though they are not members, requires arbitrary discriminatory or bad faith conduct. That clearly is not a matter here. As for the other arguments, they make an argument, plaintiffs make an argument, that they're de facto members, that we took on their case, and for that matter we should fairly represent them. Well, first of all, we would say that they're wrong, they're not members, but assuming for argument's sake they are members, we did exactly what they wanted us to do. We made that argument to the arbitrator. He told us no. He said, I'm issuing a cease and desist order, and you go figure out the settlement, but do not automatically convert these folks. So even if we wanted to do that, we couldn't, and we didn't. Another point that plaintiffs make in the reply brief is they indicate that the board and the union negotiated the settlement agreement without going to the arbitrator. That's wrong. We did go to the arbitrator. That's in the amended MOU. It's a whereas provision that says whereas the parties met with the arbitrator in August, and they entered into the settlement agreement in September. So if there was any issue the arbitrator saw with this settlement agreement, he would have raised that. He didn't. There's no DFR here. They're not members. We treated them correctly. Even if they are members, de facto or otherwise, there's a timeliness issue. Judge Motz recognized that. That's a pretty dicey argument. That's an administrative statute of limitations, and you're wanting to have it transformed into a civil action limitation, and I don't know what analogy in another statute. You know, the EEOC requires, what, 90 days or 180 days, whatever it is. Well, Del Costello in the Supreme Court, and we recognize this is a federal case, but they said the analogous statute was the NLRA, National Labor Relations Board, in six months. In Maryland, Maryland has determined, and this is a state legislature, Maryland has determined it's a 90-day period. For administrative process, right? For an analogous unfair labor practice in the state. And just to point out, Your Honors, actually. So you're saying the Supreme Court adopted the administrative for a civil action? The analogous, yes. Analogous, yeah. Yes. And the state perp right now in Maryland is 60 days. So Judge Motz actually gave more time, was more generous, than would have been under a current law.  I see my time is up. Thank you, Mr. Murphy. Ms. Harrison, you represent the board? Not the labor board, the school board. Thank you, Your Honor. Yes, I represent the other two appellees, the Board of Education of Prince George's County, and the chair of the board, Regina Jacobs, was also sued. And I just want to note, since the notice of removal was drafted by me, that I do have a few words on that point. And I would note that the Barber case is not a case that is controlling in this situation. The issue in Barber was when the 30-day window to file a notice of removal should commence in cases where different defendants are served at different times. And in passing, the court noted that the issue did not arise where all defendants were served at the same time, in which case all defendants must consent to and join in the notice of removal within 30 days of service. In this case, what Judge Motz was addressing is what a defendant must do to consent to and join in. And in the record at page 36 is the notice of removal, and at paragraph 5, the notice clearly provides that the counsel for defendants, being me, contacted Mr. Murphy and advised him of the intent to remove the case to federal court because my clients had been sued under Section 1983, the 14th Amendment, and Mr. Murphy agreed with the removal of this action to federal court. It was clear and unambiguously stated, and any doubts, in our view, since the Fourth Circuit, as you've noted, hasn't squarely addressed this issue. In our view, any doubts about removal must be material. It can't just be something that, where, as you noted, there was, I have no objection. In this case, it was unambiguous and clearly communicated that there was consent, and that consent did not have to be inferred by the district court. So it's our view that unless it's a material doubt that's raised by the language in the notice, that if it's unequivocally stated and unambiguous, that you should not, defendants should not have to file separate notices of removal. The other issues. Ms. Harrison, I imagine you wouldn't object to a ruling by this court that this one's okay, but from now on, there's gotta be signatures from all defendants. We would take that, Your Honor. You would accept that? Yes. I thought so. Not sure any court could ever do such a thing. Yes. And the 1983 claims, for the reasons that Judge Motz noted in his opinion, which appears in the joint appendix at page 237, is that they simply can't be sued. The Board of Education is a state agency, and the 11th Amendment bars damages claims against officials who have a qualified immunity, and in this case, Ms. Jacobs was performing her ministerial duties to sign off on a settlement agreement that had been approved by the arbitrator. Our issue here is also exhaustion. The appellants are in the wrong forum. They always had a right under the Education Article 4205C to address their employment status. The question for the superintendent of schools would be that I've served in my position for 60 days, and I think I'm now entitled to be converted to a full-time employee. Do you agree or not? The superintendent would then issue his decision, and the employee would have the right to appeal to the local board. The board would issue a ruling, and then the employee, if in fact the board upheld the superintendent, could appeal to the State Board of Education, and then ultimately it would be in circuit court. So there is an adequate remedy at law for these individuals outside of trying to use this action where they're clearly not members of the bargaining unit. Furthermore, they're incidental beneficiaries. They're not intended beneficiaries. There was nothing in the negotiation of the contract that considered individuals. This was clear. So for those reasons, a breach of contract action against the board is inappropriate, as Mr. Murphy has already articulated. If there was no duty of fair representation, then clearly there's not a breach of contract claim that can be maintained. And even if they could maintain a breach of contract action, in our view, on the duty of fair representation, our position is that as an incidental beneficiary, you really cannot pursue a breach of contract claim against the board. So for all of those reasons, we believe that Judge Motz should be upheld. Thanks. Thank you. Mr. Seymour, you have some rebuttal. In further response on the removal question and policy questions, Your Honor, a notice of removal is a pleading. We're told by the Supreme Court in the Twombly and Iqbal decisions that the direction of the court... What was the statement you just made? I said that a notice of removal is a pleading. No, it's not. A pleading is a complaint, claim, counterclaim, or cross-claim. It's a motion or a notice. It's a paper. It is at least a document asserting the jurisdiction of the United States District Court. In order to obtain guidance from the Supreme Court's decisions in the pleading context, Twombly and Iqbal, the direction is for more formality, detail, and specificity. And if we ignore those... There are good policy reasons for that. The question here is, would it promote efficiency to go along with a represented consent as opposed to an actual signature? And as Judge Davis noted in some questions, the formality may eliminate some confusion, but the informality may also promote some efficiency. So I'm not sure you can allude to the pleading rules, which have different policy considerations underlying them. The pleading rules, as you notice, were intended in 38 to be sort of notice pleading, and you shift most of the process to the development of the case. And Twombly and Iqbal essentially wanted to retreat a little bit on that and make the pleading more formal, a little fuller, so that a test of the case could be made by the court. That's not the issue here. The issue here is whether did the defendant join in consent, and if he did join in consent, must that be in a separate writing by that defendant, or can it be represented through another party who is spotting the removal? Yes, Your Honor, but there are some analogs in pleading. For example, a defendant in his answer may be required to state a counterclaim, maybe a period of limitations, a period by which it must assert the counterclaim. If defendant number one says the defendant number two joins in the counterclaim, the defendant number two does not file its answer and counterclaim within the period of limitations, are we then going to say that the stated consent is going to operate? That's problem number one. Problem number two is that informality does not equal efficiency, I believe. And the reason I think that is that there's going to be, if we go down that road, there's going to be an infinite variety of ways in which it's going to be expressed, which is going to lead to a lot of litigation, including appellate litigation like this, over whether this particular... Give me a hypothetical under removal. Well, we've had, for example, cases involving... That you think is a problem that could arise. The phrase does not object. A number of courts have said that even those courts that accept consent requirements say... That's not very much adjoining in the removal, is it? I would agree, Your Honor, but somebody thought it was in that case, and there was then litigation over that, and it went up to a court of appeals. There's a lot of ways that it can be expressed, and the question of whether one informal expression is going to be the equivalent of another informal expression is simply going to bedevil the courts. Why not follow the statute? The removal statute is supposed to be strictly construed, because it invokes the jurisdiction of the federal court. There are a couple of quick things that I'd like to say with respect to the other parts of the case, Your Honor. The union has represented to this court that it did not file the grievance on behalf of the individuals. The arbitrator's decision reads to the contrary, but the union should not be making such a representation when it did not place the grievance in the record. There's no evidence of record to support the assertion. The union relies on pages... Let me ask you, how can a union represent persons that are not part of its bargaining unit? Unions can... First, we have a statutory point that they are part of the bargaining unit, even if they like to ignore it, but second, a union... How can they be part of the bargaining unit when they're excluded from the bargaining unit explicitly as temporary employees? The bargaining unit is defined to exclude temporary employees up to 60 days. Yes, Your Honor, it's defined that way in the collective bargaining agreement, but the collective bargaining agreement is subject to state law, and state law says that nobody who's an employee can be left out of a bargaining unit. So they're in the bargaining unit... You mean the collective bargaining agreement was illegal in the first place? The exclusion is illegal, yes, Your Honor. But in further answer to Your Honor's question, a union that undertakes to represent someone who is not in the bargaining unit has been held to be subject to the duty of fair representation with respect to how they do that. Their statement, with which both the union and the board agree, it was a work preservation grievance, that work that the bargaining unit was doing was being taken away from the members of the bargaining unit and given to other persons. And so they were trying to preserve the work to bargaining unit members. They sought make-whole relief, Your Honor. They did not seek a work preservation order. They sought make-whole relief. By undertaking the mantle of representation of the temporary employees, they subjected themselves to a duty of fair representation. There is one part of the arbitrator's decision, which is important to mention in the remaining 10 seconds, and that is that Joint Appendix No. 80, the arbitrator explained the reference to the obligations flow with the position, not with the individual. He was concerned with the idea that the school board might have a revolving door under which they would assign employees for 60 days, take them out, assign another employee for 60 days, and that was not going to do it. That's why he says the obligation has to go with the position and the work that's being performed and not with the individual. Sir, may I ask you a question? Yes, Your Honor. Could the union bring this action and say, we want everybody who's been there more than 60 days fired, period? I believe the union could not do that consistently with its obligation to represent without discrimination all members of the bargaining unit as defined by Maryland law. Under Maryland law, that would be illegal for a union to protect its members by saying, over 60 days, I want all of them fired, to protect these jobs. I believe that that would be a breach of the duty of fair representation under Maryland law. What the union can do in that situation is what the arbitrator contemplated here. If the school board employs people for more than 60 days in the future, it's got to do the conversion. It's got to do the make whole relief for that individual. Once the union does that, it takes away the economic incentive for the school board to employ people for a little more than half the pay and for none of the benefits. Right now, there's a huge financial incentive for the school board to use temporary employees. They're required to take temporary employees as part of the unit? I'm looking at a Maryland statute, and it says the public school employer shall determine the composition of the unit in negotiation with any employee organization that requests negotiation concerning the composition of the unit. It authorizes those two to get together and negotiate, and in this case, they did enter into a collective bargaining agreement in which they defined the unit to exclude persons who work temporarily and is not members of the unit. But the law goes on to say that no employee can be left out of a bargaining unit. Every employee must be in a bargaining unit. So there's only one bargaining unit for non-certificated employees in Prince George's County, and that is the bargaining unit that they were involved with. Comes in for 25 days with a clear understanding, comes in and leaves after 25 days. Is that employee a member of the bargaining unit under state law? I don't know of any state decision that addresses that, Your Honor, but that's not the case here because we have people who have been employed for years. Hypothetical. Is there a state law that requires that person to be part of the unit? Your Honor, there are probationary periods. If the case were to arise, I think the Maryland courts would say that there's got to be a rule of reason. I ask you a question of whether there's a statutory requirement. You keep alluding to the requirement that these people be member of the unit, yet they negotiated an arrangement where the person who comes in on day one and then leaves on day 25 is not a member of the bargaining unit. Is that illegal under state law? The state law says that every employee must be a member of a bargaining unit so that if there were some... Well, I was just reading you from Section 6-505, which says they can define the bargaining unit. That's right, Your Honor, but 6-505, I think it's D, says that everybody's got to be in a bargaining unit. So the definition of the bargaining unit... If they're all eligible, employees shall be included in one of these units. So if there's more than one bargaining unit, that's where it makes sense to have a demarcation. You're in this unit, you're in that unit, nobody's left outside of all units. Here in Prince George's County, they tried to leave thousands of temporary employees outside of any bargaining unit, and that's a clear violation of the state law. It would be the state board that has the responsibility to address that, yes? There is no administrative remedy here, Your Honor. The Public Service Labor Relations Board doesn't... Are you saying the State Board of Education doesn't have authority to address this? No, Your Honor. The State Board of Education has authority to address personnel matters with respect to state employees. We cited the provision in Title III of the education article. It does not include anybody in the school board. An individual cannot go and follow this procedure that was dreamed up by defendants of making a complaint to the superintendent and so on because they're trying to enforce a collective bargaining agreement provision on the 60 days, and they can't do that by making a complaint. I'm not going beyond the collective bargaining process. I'm saying my understanding, and it could be quite wrong, that the State Board of Education has certain visitorial powers, superintendent authority over the local boards of education, and maybe I'm just wrong about that. Your Honor, I do not know, and I've checked. I was not able to find any means by which an individual employee of a county school board can go to the State Board of Education and complain about this. No, I'm not talking about the individual going to. I'm saying you write a letter to the superintendent, state superintendent of the schools, and say, you know, Prince George's County is really screwing with us pretty badly, and they're skirting the intent, the spirit of state law. Do something about this. That's what I'm looking for. I understand, Your Honor, and that would be what I would consider more of a political remedy, and perhaps they do something. We did send a letter to the Public Service Labor Relations Board. That was the subject of whether we could supplement the record with that in the lower court, and they said this isn't our jurisdiction. Indeed, on their website they have a form that you have to file for filing a duty of fair representation complaint, but it says right up at the top this form should not be used with respect to the interpretation or application of a collective bargaining agreement. There's no remedy. I understand you represent individuals, and you're doing it very well. I understand that. And you're calling it political, and maybe a better term is extra statutory. I think you've agreed with me, though, that there is authority expressed and implied in the State Board of Education and the superintendent to exercise influence over the local boards of education in Maryland to get them to hew more closely to the legislative intent behind some of these remedial statutes. There might be, Your Honor. Okay. Thank you. Appreciate it. We'll come down and greet counsel and then proceed on the next case.
judges: Paul V. Niemeyer, Roger L. Gregory, Andre M. Davis